```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JERRY L. KING, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 13-960 (JBS/JS) |
| GLOBAL CREDIT NETWORK, | **OPINION** |
| Defendant. | |

APPEARANCES:

Mr. Jerry L. King
1310 Harrison Avenue
Pleasantville, NJ 08232
    Plaintiff, pro se

Richard J. Perr, Esq.
Jennifer Tatum Root, Esq.
FINEMAN, KREKSTEIN & HARRIS, PC
1735 Market Street, Suite 600
Philadelphia, PA 19103
    Attorneys for Defendant Global Credit Network

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

    This matter comes before the Court on Defendant Global Credit Network's motion for sanctions or, in the alternative, for summary judgment [Docket Item 32] and Plaintiff Jerry L. King's "motion/affidavit for summary judgment in equity" [Docket Item 34.] The instant action arises from a debt Plaintiff owed to the University of Pennsylvania for dental work performed in

February, 2011, which was referred to Defendant for collection. Plaintiff attempts to assert claims against Defendant for violations of the Fair Credit Reporting Act ("FRCA") and the Fair Debt Collection Practices Act ("FDCPA"), alleging that Defendant attempted to collect on the debt and reported the debt to credit reporting agencies, despite failing to provide validation of the debt to Plaintiff.

Since Defendant removed this action to the United States District Court for the District of New Jersey in February, 2013, Plaintiff, who is proceeding pro se, has repeatedly defied the Court's orders and willfully refused to provide responses to Defendant's discovery requests. Plaintiff has flouted three orders directing Plaintiff to comply with the discovery process despite the express threat of sanctions, including dismissal.

For the reasons discussed below, the Court will grant Defendant's motion for sanctions and dismiss Plaintiff's case in its entirety with prejudice.

**II.   BACKGROUND**

   **A. Facts**

The Court accepts the following facts as undisputed. Plaintiff had dental work performed by the University of Pennsylvania in February, 2011, but Plaintiff failed to pay off the entire balance owed to the University of Pennsylvania. On or about February 28, 2012, the University of Penn Dental Care

Network referred Plaintiff's account with Defendant for collection. On or about February 29, 2012, Defendant sent Plaintiff an initial notice letter containing a validation notice pursuant to 15 U.S.C. § 1692g. Defendant sent the letter to Plaintiff at 614 S. 8th Street, Apt. # 262, Philadelphia, PA 19147, the address associated with Plaintiff's account, and the letter was not returned to Defendant. Plaintiff did not dispute the debt in writing or request validation of the account within 30 days. Prior to August, 2012, Defendant never received any written correspondence from Plaintiff.

On May 1, 2012, Defendant sent Plaintiff a second letter notifying him that the account would be furnished on his credit report. On August 1, 2012, Defendant reported the account at issue to the credit reporting agencies. On August 27, 2012, Plaintiff called Defendant and complained that the account appeared on his credit report. That same day, Defendant reported the account to the credit reporting agencies as disputed. Defendant did not receive notice of a dispute regarding Plaintiff's account from any consumer reporting agency. Defendant stopped collecting on the account after Plaintiff filed the instant lawsuit in September, 2012, and on October 18, 2012, the account was deleted from Plaintiff's credit report.

**B. Procedural background**

On September 11, 2012, Plaintiff filed a Complaint in the Superior Court of New Jersey, Atlantic County, Law Division, Docket No. ATL DC-008236-12, asserting claims against Global Credit under the FRCA and the FDCPA. [Docket Item 9-2.] On February 18, 2013, Defendant removed this case to the United States District Court for the District of New Jersey. [Docket Item 1.] On April 11, 2013, Defendant served upon Plaintiff its First Set of Interrogatories, Request for Production of Documents and Requests for Admissions. [Docket Item 25-2.] By Order dated April 19, 2013, Magistrate Judge Schneider ordered the parties to respond to all outstanding document requests by May 31, 2013. [Docket Item 13.] On May 16, 2013, Defendant notified Plaintiff that his discovery responses were overdue and resent Defendant's First Set of Interrogatories, Request for Production of Documents and Requests for Admissions. [Docket Item 25-3.] In response, Plaintiff sent Defendant a letter dated May 18, 2013, stating that Defendant's discovery requests were "DENIED."[1] [Docket Item 25-4.] On May 31, 2013, Defendant served Plaintiff with its answers to Plaintiff's discovery requests. [Docket Item 32-2.]

---

[1] Plaintiff's response included a three-page cover letter that is wholly indecipherable and enclosed Defendant's discovery requests with the following hand-written at the top of the first page: "PER YOUR CLIENTS [sic] VIOLATIONS OF FEDERAL LAW AND MY 5TH AMENDMENT RIGHTS YOUR REQUEST IS DENIED."

4

On June 17, 2013, Defendant requested that the Court dismiss Plaintiff's action in its entirety. [Docket Item 25-5.] Soon thereafter, Plaintiff did not attend the status conference held on June 27, 2013. [Docket Item 19.] Judge Schneider then entered an Order on June 28, 2013 compelling Plaintiff to respond to Defendant's interrogatories and document requests by July 15, 2013. [Docket Item 20.] Judge Schneider's Order stated that "plaintiff is put on notice that if he fails to comply with this Order he is subject to sanctions, including possible dismissal of this lawsuit." Plaintiff failed to respond to Defendant's discovery requests by July 15, 2013. Plaintiff appeared at the next scheduled discovery conference on August 13, 2013, but failed to furnish any responses to Defendants' discovery requests. [Docket Item 23.] Plaintiff appeared for his deposition following the status conference, but left before Defendant's counsel finished the deposition.

On August 27, 2013, Defendant filed a motion to compel Plaintiff to respond to discovery requests [Docket Item 25], and on October 18, 2013, Judge Schneider ordered Plaintiff to serve his responses to Defendant's discovery requests by November 1, 2013. [Docket Item 29.] Judge Schneider's Order stated that "Defendant is granted leave to serve a motion for sanctions, including a request to dismiss plaintiff's case, if plaintiff does not serve timely answers." [Docket Item 29.]

On November 21, 2013, Defendant filed to the instant motion for sanctions, or, in the alternative, motion for summary judgment. [Docket Item 32.] On November 26, 2013, Plaintiff filed his "motion/affidavit for summary judgment in equity." [Docket Item 34.] On February 5, 2014, Plaintiff filed an "affidavit & motion to compel attendance at deposition in the admiralty." [Docket Item 39.] Judge Schneider denied Plaintiff's motion to compel after noting that it was incoherent and indecipherable.[2] This opinion addresses the two motions still pending before the Court.

### III. STANDARD OF REVIEW

Pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P., a court may dismiss an action where a plaintiff fails to obey a discovery order. In determining whether dismissal is an appropriate sanction for violation of a discovery order, courts will generally consider the factors outlined in Poulis v. State Farm Fire and Casualty, 747 F.2d 863 (3d Cir. 1984), although such analysis is not always necessary. Dover v. Diguglielmo, 181 F. App'x 234, 237–38 (3d Cir. 2006) ("[A] Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."). The six Poulis factors are: (1) the extent of

---

[2] Additionally, Defendant represents to the Court that Plaintiff has begun to refuse defense counsel's mail. [See Docket Item 32-3.]

6

the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. Poulis, 747 F.2d at 868. "Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). The Third Circuit has "required consideration of the Poulis factors when a district court dismisses a case pursuant to Rule 37(b) for failure to respond to discovery." Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013).

**IV. DISCUSSION**

**A. Defendant's motion for sanctions**

Defendant requests that the Court dismiss Plaintiff's suit in its entirety as a sanction for Plaintiff's repeated failure to comply with the Court's orders and to respond to Defendant's discovery requests.[3] A review of the Poulis factors shows that dismissal with prejudice is proper.

**1. Plaintiff's personal responsibility**

---

[3] Plaintiff submitted a letter dated November 26, 2013 [Docket Item 33], which responds in part to Defendant's motion for sanctions. Plaintiff appears to argue that a default judgment was entered against Defendant in state court prior to removal, that removal was improper, and that Defendant has waived its right to contest Plaintiff's allegations. As discussed more fully infra in Section IV.B, the Court rejects these arguments because Plaintiff has failed to provide any factual or legal support for them.

7

Plaintiff, as a pro se litigant, is solely responsible for his failure to comply with the Court's orders. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). Plaintiff's willful refusal to respond to Defendant's discovery requests is manifest in his writing "DENIED" across Defendant's requests as attached to his letter to Defendant dated May 28, 2013. His unwillingness to cooperate also became clear when he left his deposition before it was concluded. As such, the Court finds that Plaintiff is personally responsible for his failure to comply with the Court's orders.

**2. Prejudice to defendant**

The prejudice to Defendant caused by Plaintiff's failure to comply with the Court's orders supports dismissal. The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm" and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Briscoe, 538 F.3d at 259 (internal citation and quotation omitted). "Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of

8

necessary information or had to expend costs to obtain court orders for compliance." Id. See also Poulis, 747 F.2d at 868 (finding prejudice to defendant where plaintiff filed neither answers nor objections to interrogatories and defense counsel was forced to file a motion to compel answers). In the present case, Plaintiff's refusal to provide discovery responses has caused repeated delays and obliged Defendant to file two requests for sanctions and one motion to compel. Additionally, Defendant has expended significant time and resources defending this case, including appearances at conferences and responding to discovery requests. Therefore, the Court finds that Plaintiff's conduct has prejudiced Defendant.

### 3. History of dilatoriness

In addition to his failure to comply with the 30-day deadline for responding to Defendant's discovery requests provide under the rules, Plaintiff has ignored three orders directing him to respond to Defendant's discovery requests. In response to the Court's order directing the parties to respond to all outstanding document requests by May 31, 2013, Plaintiff sent Defendant a letter stating that their requests were "DENIED." Plaintiff then failed to attend the status conference scheduled for June 27, 2013. Although Plaintiff appeared at the next scheduled conference on August 13, 2013, he failed to provide any responses to Defendant's discovery requests. Despite

an order requiring Plaintiff to respond to Defendant's discovery requests by November 1, 2013, which expressly invited Defendant to file a motion for dismissal if failed to timely comply, Plaintiff has yet to respond to Defendant's discovery requests. Additionally, Plaintiff has begun to refuse mail from defense counsel's office. Therefore, Plaintiff has an extensive and well-documented history of dilatoriness and noncompliance with court orders that weighs in favor of dismissal.

### 4. Willfulness or bad faith

Plaintiff's misconduct in this case has been willful and in bad faith. Plaintiff's willful failure to participate in discovery is evidenced by his returning Defendant's requests as "DENIED" and leaving his deposition before it was concluded. Further, his significant history of noncompliance with the Court's orders demonstrates bad faith. Plaintiff has flouted numerous court orders despite clear warnings that noncompliance could result in sanctions, including dismissal. Plaintiff's refusal to accept Defendant's mail also suggests willfulness and bad faith, which viewed together with the above, weighs in favor of dismissal.

### 5. Availability of alternative sanctions

Because Plaintiff has repeatedly ignored the Court's orders, the Court finds that dismissal is the only effective sanction. Plaintiff has been afforded ample opportunity to

10

respond to Defendant's discovery requests and has failed to provide responses despite the Court's repeated threat of sanctions, including sanctions. Plaintiff's repeated and continuing disregard for the Court's orders confirms that no sanction short of dismissal would be effective. Plaintiff has chosen to be defiant and obstructive in pursuit of his case and there is no prospect that giving him another chance would result in anything other than a waste of time and resources.

### 6. Defendant's meritorious defenses

This final Poulis factor also weighs in favor of dismissal because Defendant has meritorious defenses to Plaintiff's claims that would constitute complete defenses. As the Poulis Court noted, "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. Defendant contends, and the Court agrees, that it appears that Plaintiff cannot establish a claim under either the FDCPA or the FCRA.

The function of this prong of the Poulis analysis is to determine whether, in light of the merits of the claim or defense, a dismissal of a plaintiff's case might represent an undeserved windfall from the defendant. In other words, the court must consider whether it appears that the movant has a bona fide claim or defense that ordinarily would deserve to be

11

adjudicated on the merits, like any normal case, and not whether victory on the movant's defense is certain. The inquiry cannot be whether the movant has an indisputable right to judgment on the merits, for that is the function of adjudication itself while the Poulis motion seeks a determination that adjudication is not possible due to the adversary's failure to follow the rules and orders of the court. In this light, the court examines whether there is a non-frivolous defense offered by the defendant.

Plaintiff alleges in his Complaint that Defendant attempted to collect on a debt, reported the debt to credit reporting agencies, made "harassing" phone calls to Plaintiff and his family, and sent "unsubstantiated demands for payment" by mail. [Docket Item 9-2.] Defendant contends that it had no obligation under the FDCPA to cease collection activity or provide validation of the debt because it never received a written dispute during the 30-day validation period. Although the statute does not expressly require a dispute to be in writing, the Third Circuit has held that "given the entire structure of section 1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing."[4] Graziano v.

---

[4] 15 U.S.C. § 1692g(a)(3) requires that a debt collection notice contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the

Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Pursuant to 15 U.S.C. § 1692g(a)(3), "unless the debtor disputes the debt within thirty days of receipt of notice, the debt collector will assume the debt to be valid." Id. Further, Plaintiff's Complaint does not allege that he disputed the debt orally within the 30-day period. It only objects to Defendant's attempt to collect on "an unsubstantiated and [u]nvalidated [d]ebt."[5] Accordingly, the Court finds that based on the allegations in Plaintiff's Complaint, Defendant maintains a plausibly meritorious defense that it complied with the requirements of the FDCPA.

Turning to Plaintiff's claim under the FCRA, the Court similarly finds that Defendant maintains a non-frivolous defense. The FCRA imposes certain duties on furnishers of credit information "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 191 (3d Cir. 2009) (quoting Safeco Ins. Co. of America v.

---

debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

[5] However, Defendant concedes that Plaintiff called Defendant on August 27, 2012 and complained that the account appeared on his credit report. (Affidavit of Dominic Colangelo, Def. Ex. C ("Colangelo Aff.") [Docket Item 32-4] ¶ 14.) Even if the Court considered evidence beyond the allegations in Plaintiff's Complaint, the Court's determination of whether Defendant had a meritorious defense would remain the same because Plaintiff disputed the debt orally nearly seven months after receiving notice and Defendant immediately reported the account as disputed upon learning of Plaintiff's oral dispute.

Burr, 551 U.S. 47 (2007)). 15 U.S.C. § 1681s-2(a) requires furnishers of data to provide accurate information. However, 15 U.S.C. § 1681s-2(d) grants "the enforcement of [15 U.S.C. § 1681s-2(a)] exclusively to government entities identified in other portions of the act and [does] not create a private cause of action to enforce that section." Fallas v. Cavalry SPV I, LLC, Civ. 12-05664 (PGS), 2013 WL 1811909, at *8 (D.N.J. Apr. 29, 2013). "The only portion of the FCRA that an individual consumer can enforce against his or her creditors is found in § 1681s-2(b). But that provision requires consumers to meet an obscure procedural requirement—namely, filing a complaint with a credit rating agency (which is then required to pass the complaint on to the creditor)—before bringing such an action." Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 445 (D.N.J. 2010). "To state a claim under section 1681-s2(b), a plaintiff must plead that '(1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.'" Fallas, 2013 WL 1811909, at *8 (quoting Martinez v. Granite State Mgmt. & Res., Civ. 08-2769 (JLL), 2008 WL 5046792, at *3 (D.N.J. Nov. 20, 2008) (internal citation and quotation omitted). As such, to the extent Plaintiff attempts to state a claim under 15 U.S.C. § 1681s-2(a), Defendant has a

meritorious defense because the statute creates no private cause of action to enforce the provisions of this section. Defendant also has a meritorious defense to the extent Plaintiff attempts to state a claim under 15 U.S.C. § 1681s-2(b) because Plaintiff has not alleged that he contacted any credit reporting agency that allegedly reported the information furnished by Defendant. Therefore, the Court finds that this final Poulis factor weighs strongly in favor of dismissal.

Having considered the Poulis factors and finding that they all weigh in favor of dismissal, the Court concludes that dismissal of Plaintiff's Complaint is warranted.

Defendant also seeks reasonable expenses, including attorney's fees, as a further sanction for Plaintiff's disregard for the Court's orders and failure to respond to discovery requests. In light of the Court's decision to dismiss Plaintiff's Complaint, the Court will deny Defendant's request for reasonable expenses as unnecessary and excessive.[6]

**B. Plaintiff's motion**

Plaintiff's "motion/affidavit of summary judgment in equity" appears to rely on three arguments: (1) that Defendant and its counsel "are third party interlopers who lack legal

---

[6] Having found that dismissal is an appropriate sanction for Plaintiff's repeated and willful disregard for the Court's orders and failure to provide responses to Defendant's discovery requests, the Court will not consider Defendant's motion for summary judgment.

standing; (2) that Defendant has failed to respond to Plaintiff's discovery requests, and (3) that Defendant has "waived the ability to further contest this matter."[7] Defendant responds by refuting Plaintiff's claims that it failed to respond to Plaintiff's discovery requests and reiterating its arguments discussed above that Plaintiff fails to state a claim under the FDCRA and the FCRA.[8]

The Court finds Plaintiff's motion incoherent and meritless. First, the Court cannot make any sense of Plaintiff's arguments that Defendant and its counsel lack standing and that Defendant has waived its ability to contest the allegations in Plaintiff's Complaint. Defendant removed this action to the United States District Court for the District of New Jersey on February 18, 2013 noting that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331. If Plaintiff opposed Defendant's removal of this action, his remedy was to file a motion to remand pursuant to 28 U.S.C. § 1447(c). Plaintiff failed to do so. Further, Plaintiff has not identified

---

[7] Plaintiff submitted a "reply" to Defendant's opposition, which consists of a copy of Defendant's opposition brief with "NULL & VOID" written across the front page and other similar hand-written notes throughout. Plaintiff's reply also includes a document titled "Grantor/Executor's Assertion of Rights," which the Court finds entirely indecipherable and meritless.
[8] Defendant also argues that Plaintiff's motion is untimely because the deadline for filing dispositive motions was November 15, 2013. [Docket Item 24.] Plaintiff filed his motion on November 26, 2013, despite never requesting or receiving an extension of the dispositive motion deadline.

any legal authority to support these arguments, and the Court is unable to divine any legal basis for them. To the extent Plaintiff argues that he prevailed in state court prior to removal by the Defendant as the result of a default judgment, Plaintiff has provided no factual or legal support for such an assertion.

Plaintiff's argument that Defendant failed to respond to Plaintiff's discovery requests is factually inaccurate and ironic in light of Plaintiff's blatant refusal to participate in discovery. On May 13, 2013, Defendant served Plaintiff with answers to his interrogatories, a CD of the call recording, and other relevant documents. Moreover, Defendant provided Plaintiff another copy of its responses at the August 13, 2013 status conference. Accordingly, the Court rejects Plaintiff's argument that he is entitled to summary judgment because Defendant failed to respond to his discovery requests.

In light of the foregoing, and because the Court is unable to decipher any legitimate legal basis for Plaintiff's motion, the Court will deny Plaintiff's "motion/affidavit of summary judgment in equity."

## V. CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion for sanctions and dismiss Plaintiff's suit in its entirety with prejudice. The Court will deny Plaintiff's

motion for summary judgment. An accompanying Order will be entered.

| | |
|---|---|
| **June 9, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

18